**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAUN ROBERTS, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> OBELISK, INC., a Delaware corporation, et al., <br><br> Defendants. | CASE NO. 18cv2898-LAB (BGS) <br><br> **ORDER OF DISMISSAL** |

In April of this year, the Court found that Plaintiffs' claims were arbitrable and ordered the parties to "proceed immediately to arbitration." *See* Dkt. 19 at 16. Despite that clear order, more than six months have passed, and Plaintiffs still have not filed an arbitration demand.

Where, as here, a court determines that "all of the claims raised in [an] action are subject to arbitration, . . . [a] district court may either stay the action or dismiss it outright." *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014). Although a court has discretion in choosing whether to dismiss or stay proceedings, the Ninth Circuit's "preference" is for district courts to "stay[] an action pending arbitration rather than dismiss[] it." *MediVas, LLC v. Marubeni Corp.*, 741 F.3d 4, 9 (9th Cir. 2014). Consistent with that preference, this Court previously stayed these proceedings while the parties arbitrated their

- 1 -

claims. In light of the parties' failure to timely submit an arbitration demand, however, it appears dismissal was the appropriate remedy.[1]

This action is **DISMISSED WITHOUT PREJUDICE** as to all Defendants. This does not mean Plaintiffs are free to bring the same suit again; they remain bound by the Court's ruling that their claims must be arbitrated. Instead, this dismissal without prejudice means that the parties may, if necessary, file a new suit to confirm any arbitral judgment down the road. See 9 U.S.C. § 9 ("[A]t any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award."). The clerk is directed to enter judgment and close the case.

**IT IS SO ORDERED**.

Dated: November 12, 2019

*Larry A. Burns*
**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge

---

[1] Dismissal is also appropriate because the parties have failed to comply with this Court's instructions. The Court ordered the parties to submit a joint status report every sixty days until the arbitration was final. The parties filed status reports on June 28, 2019 and August 27, 2019, but afterwards failed to file the required updates.